UNITED STATES *v.* MITSUI & CO. (No. 1139).[1]

SAWED LUMBER—WHEN NOT CABINET WOOD.

The issue as made here was one of fact, whether the wood of the importation is or is not cabinet wood as described in paragraph 203, tariff act of 1909. The board found that oak, poplar, and ash are not cabinet woods and the evidence supports this finding. Paragraph 201 applies.

United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31558 (T. D. 33262).

[Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Leland N. Wood*, special attorney, on the brief), for the United States.
*William K. Dupre, jr*, (*William Hayward* of counsel), for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case was entered at the port of Los Angeles, Cal., and was assessed for duty under paragraph 203 of the tariff act of 1909, as cabinet wood, sawed, at 15 per cent ad valorem.

---

[1] Reported in T. D. 33876 (25 Treas. Dec., 442).

A member of the importing firm testified that it was entered as sawn lumber—ash, poplar, and oak; that its general uses were for many purposes where pine is used; that some of the poplar might be used for trimmings in houses; and that this kind of lumber was sold by the importers to lumber dealers generally.

A witness for the importers who received the shipment testified that it consisted of planks and boards of oak, a little poplar, and a little ash; that it was designed to be used for all ordinary purposes for which oak was used, where tensile strength and endurance were required; that it was sawed in dimension boards, not of specific lengths, 6 feet and upward, 1, $1\frac{1}{4}$, $1\frac{1}{2}$, $1\frac{3}{4}$, and 2 inches in thickness, and some thicker; that one-sixth of the cargo was 2 by 5 and wider, specified as 2-inch stock; that a lot of it was for building purposes, a lot for casing, etc.; that it was used for building, cabinet, and furniture work wherever tensile strength and endurance comes in.

The proportion of the importation that was oak, poplar, or ash, or the uses to which it was designed, are not more definitely stated than as appears in the foregoing testimony of these two witnesses, and no other witnesses testified at the hearing. We do not understand that it is claimed by anyone that this testimony does not correctly represent the character, condition, and uses of the merchandise.

The importers claim the merchandise is dutiable at $1.25 per thousand feet as sawed lumber under the provisions of paragraph 201 of the act of 1909. We quote the material part of each paragraph:

201. * * * Sawed lumber, not specially provided for in this section, one dollar and twenty-five cents per thousand feet board measure.

203. Sawed boards, planks, deals, and all forms of sawed cedar, lignum-vitæ, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all other cabinet woods not further manufactured than sawed, fifteen per centum ad valorem; * * *.

It appears that in G. A. 7357 (T. D. 32454) the board held that Japanese white-oak hewn logs over 8 inches square were cabinet wood and entitled to free entry under paragraph 713 of the act of 1909. Their decision closed with this sentence:

We find as a fact from the record that Japanese white oak is cabinet wood, and as such in the log, rough or hewn only, we hold it to be entitled to free entry.

The Government claimed in that case, as appears by the board's opinion, (a) that the merchandise, being in the form of logs, could not be considered a cabinet wood, and (b) that oak is not a cabinet wood.

The Government now claims that the board, having held in the other case as stated in the quoted part of the opinion, has, without reason, reversed itself, and that in this case we should reverse the board because its decision is contrary to or not supported by the weight of evidence. To enforce this contention the evidence taken in the former case has been moved into the record here, and so the whole matter is before us.

Of course the claim of the Government also is that in the first case the board reached the right conclusion.

In its decision in this case the board, among other things, said:

The mere fact that some part of the lumber was of oak and that certain kinds of oak in particular instances have been held to be cabinet wood does not justify the assumption that all oak is cabinet wood.

The record does not show, but both parties seem to assume as a fact, that the oak of this importation is of the same kind as that in the other case.

An extended discussion of the somewhat voluminous evidence seems unnecessary.

In paragraph 203 Congress has seen fit to declare that certain and all sawed forms of specified woods, in which oak is not included, and " all other cabinet woods not further manufactured than sawed," shall pay duty at the rate of 15 per cent ad valorem. Manifestly what are " other cabinet woods " is left to common understanding or to proof. In view of the well-known and multitudinous uses to which oak is devoted we can not say as a matter of common knowledge that all oak is a cabinet wood. Upon the evidence above recited we can not say that the board erred in holding that the oak in this case was not a cabinet wood, neither does a consideration of the evidence in the case imported into the record here lead to any different conclusion, for witnesses there testified to what is well known, that oak has manifold uses. It should also be observed that the oak logs in the other case were shown to be of a high grade known as " No. 1 logs," and there is no evidence that the oak lumber in this case has been sawed from such logs or is of the same quality.

The oral discussion of counsel here finally reduced the issue to this: That as to woods not specifically named in paragraph 203 it must in each case be a question of fact whether the wood under consideration is or is not a cabinet wood. Without indicating how this would be as to the mentioned woods, we think it correctly states the issue as to the merchandise here. On that issue the board has found that this oak, poplar, and ash are not cabinet woods. We think the evidence supports the finding. The provisions of paragraph 201 are manifestly applicable, and the judgment of the Board of General Appraisers is *affirmed.*