ISOMURA ET AL. v. UNITED STATES (No. 2179).[1]

1. EVIDENCE—PRESUMPTION IN FAVOR OF BOARD'S FINDING.
    A finding of fact by the Board of United States General Appraisers will be disturbed in this court only when it is clearly against the weight of the evidence or is without evidence to support it.

2. JAPANESE WHITE OAK—CABINET WOOD.
    Japanese white oak, No. 1 and No. 2 common, plain sawn, can not be held, as a matter of law, to be cabinet wood and not flooring.

3. EVIDENCE—PRESUMPTION IN FAVOR OF COLLECTOR'S CLASSIFICATION.
    Japanese white oak, Nos. 1 and 2 common, plain sawn, having been classified by the collector as cabinet wood under paragraph 169, tariff act of 1913, and the overruling by the Board of United States General Appraisers of a protest claiming it to be free of entry under paragraph 647 as "other lumber not further manufactured than sawed" not appearing to be contrary to the weight of the evidence, the presumption of correctness attendant upon official action obtains, and the decision of the board is affirmed.

[1] T. D. 39438.

United States Court of Customs Appeals, January 22, 1923.

[Affirmed.]

*Frank L. Lawrence* (*Thomas M. Lane* and *Martin T. Baldwin* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Samuel M. Richardson*, special attorneys, of counsel), for the United States.

[Oral argument November 21, 1922, by Mr. Lane and Mr. Charles D. Lawrence.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 169 of the tariff act of 1913 provides that certain-named cabinet woods when sawed into certain forms and not otherwise specially provided for "and all cabinet woods not further manufactured than sawed" shall be dutiable.

Section 647 gives free entry, among other things, to "other lumber not further manufactured than sawed," etc.

The imported merchandise here is Japanese white-oak lumber not further manufactured than plain sawed, and the single question is, Under which of the above-mentioned paragraphs should it be classified?

The classification of Japanese white-oak lumber has been considered by this court in various cases. In United States *v.* Mitsui (4 Ct. Cust. Appls. 449; T. D. 33876), it was said that what were "other cabinet woods" under paragraph 169 was left to common understanding or proof, and that it could not be held as a matter of common knowledge that all oak was cabinet wood.

In Mitsui *v.* United States (7 Ct. Cust. Appls. 307; T. D. 36870), it was held in substance that in determining whether certain Japanese oak lumber was or was not cabinet wood it was unnecessary to take into consideration all the uses of all Japanese lumber imported into this country.

In Wheeler *v.* United States (11 Ct. Cust. Appls. 110; T. D. 38752), the earlier cases were reviewed and the view expressed that in determining whether or not a given importation of Japanese lumber was cabinet wood the inquiry was not limited to particular importations, but extended to all importations of such lumber "having similar character, forms, grades, and conditions."

The entire importation involved in the case at bar covered Japanese white-oak lumber of various grades, but the claim under the protest was limited to grades known as No. 1 and No. 2 common plain sawn. It was agreed that such grades were used to a substantial extent for cabinet purposes; that the chief use of Japanese white oak of all grades regarded as a whole was for cabinet purposes; and that such lumber as the grades involved here, viz, No. 1 and No.

2 common, is of the same quality as No. 1 and No. 2 common which are used for cabinet purposes.

In other words, the importers concede that if Japanese lumber is considered as a whole without regard to any particular grades it is a cabinet wood and that the particular grades under consideration are used to a substantial extent for cabinet purposes.

In Wheeler v. United States, supra, after mentioning various uses which would be regarded as cabinet wood uses, it was said that the term "does not apply to plain or common flooring or other like carpentry work."

The claim of the importers in this case is that they have established that the chief uses to which Japanese oak lumber of the grades known as No. 1 and No. 2 is for plain or common flooring, and that is really the only question.

The Board of General Appraisers held that such claim had not been established, and it also held as a proposition of law that it was immaterial to what extent lumber of the two classes mentioned is used for flooring, inasmuch as it is a cabinet wood, and overruled the protest.

We find ourselves unable to agree with the above-assumed legal proposition. It appears from the record that Nos. 1, 2, and 3 commons are the lowest grades of lumber that develop in the sawing of the log; that No. 1 is the highest of these; No. 2 the next in rank, and that No. 3 is still poorer in quality, and in all of these grades are found such defects as knots, checks, and in instances some rotten sap.

To hold as a matter of law that because the major part of Japanese oak imported into this country is used for cabinet purposes it follows that commercially recognized grades or classes thereof containing defects of the kind above mentioned were *necessarily* cabinet wood and intended by Congress to be so classified, is going far. It would result in construing section 169 in the same manner as if oak had been therein eo nomine declared to be cabinet wood.

The difficulty with the importers' contention here is not of law but of fact. They are asking us, in effect, to overrule an adverse finding of the board, which under the familiar rule will be done in this court only when the finding is clearly against the weight of evidence or is without evidence to support it.

Three witnesses testified below in favor of the importers and none for the Government. It is unnecessary to examine in detail such testimony. One only of these witnesses undertook to say that the chief use of No. 1 and No. 2 common plain sawn lumber of the kind under consideration was for plain flooring.

As pointed out by the board, his testimony lacks somewhat the requisite basis of knowledge and experience. The testimony of the

other two witnesses, while tending in a general way to support the importers' contention, does not, we think, when considered with that of the witness above referred to justify us in holding that the board erred in declining to find that the chief use of the lumber under consideration is for plain or common flooring.

The collector has classified the merchandise as cabinet wood, and the burden is upon the importers to overcome the presumed correctness of that classification.

The judgment of the Board of General Appraisers is *affirmed.*